■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN SIMON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lane, J.), rendered April 12, 1984, convicting him of attempted murder in the first degree and aggravated assault upon a police officer, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant contends that he was denied a fair trial by the admission of testimony of an uncharged crime; specifically, he asserts that he was prejudiced when the trial court permitted certain police witnesses to testify for the prosecution that, at the time that the incident occurred which resulted in the instant charges, they were searching for him in order to arrest him. We find that the trial court correctly admitted the testimony.

The defendant was charged here with attempted murder in the first degree under Penal Law § 125.27 (1) (a) (i), and aggravated assault upon a police officer under Penal Law § 120.11, for the shooting of Detective William Wright on the evening of April 8, 1982. Both of these crimes require, as elements thereof, that the victim be a police officer "engaged in the course of performing his official duties" (Penal Law § 120.11), and that the defendant knew, or reasonably should have known, that such was the case. The testimony here, that on the night of the incident the police detectives were properly looking for the defendant in order to arrest him, was directly relevant and necessary to establish the elements of

the crime charged, and was, therefore, properly admitted (Penal Law § 125.27 [1] [a] [i]; § 120.11). By refusing to permit the People to introduce evidence of the nature of the offense for which the defendant was sought and by properly instructing the jury as to how they were to consider the testimony in question, the trial court prevented the defendant from suffering any undue prejudice.

The defendant also asserts that he was improperly adjudicated and sentenced as a persistent violent felony offender. However, he challenges only one of the three prior violent felony convictions alleged in the persistent violent felony statement. As the provisions of the persistent violent felony statute are mandatory (Penal Law § 70.08 [2]), and the defendant has failed to challenge two of the predicate convictions here, we find that he was properly sentenced.

We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.